**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DEVIN C. MURPHY,<br><br>             Petitioner - Appellant,<br><br>v.<br><br>GARY SANDOR, Warden,<br><br>             Respondent - Appellee. | No. 08-56701<br><br>D.C. No. 2:08-cv-01313-GPS-FMO<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted August 1, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and PANNER, Senior
District Judge.[**]


California state inmate Devin Murphy appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition. He challenges his sentence on the ground

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Owen M. Panner, Senior District Judge for the U.S. District Court for Oregon, Portland, sitting by designation.

that the trial court lacked sufficient evidence to find that his prior burglary conviction qualified as a "serious prior felony" warranting a five-year sentence enhancement under California's Three Strikes law. *See* Cal. Penal Code §§ 667(a)(1), (b)-(i); 1170.12(a)-(d). That law includes first-degree but not second-degree burglary within the definition of a serious prior felony. *Id*. at § 1192.7 (18).

The prosecution submitted two exhibits in support of its contention that Murphy's prior conviction was for first rather than second-degree burglary. The first exhibit included Murphy's booking card, which, as the California Court of Appeal observed, could not and does not indicate the charge to which he ultimately pled guilty. The second exhibit is a minute order contained in the record of the underlying offense. The minute order offers the judge's explanation regarding the unusual circumstance that justified probation in this case. The state appellate court concluded that the minute order alone was sufficient for the trial court to have found that Murphy had been convicted of first-degree burglary because applicable state law required that a grant of probation for a first-degree but not second-degree burglary conviction be expressly justified by the presence of unusual circumstances. *See* Cal. Penal Code §§ 460(a), 462(a)-(b).

An inference as to the nature of Murphy's underlying offense based on the court's explanation of its decision to grant him probation constitutes speculation

insufficient to support the conclusion that he had been convicted of first-degree burglary. The judge could well have decided to offer an explanation for his decision to grant probation following a conviction for second-degree burglary, even though state law did not require him to do so. Neither the state appellate court nor the prosecution contends that any additional evidence as to Murphy's prior conviction was contained in the record before the trial court. We hold that the absence of evidence concerning Murphy's underlying offense makes it objectively unreasonable for the state appellate court to have concluded that any rational trier of fact could have found that he was convicted of a serious prior offense qualifying him for the recidivist sentence enhancement under California's Three Strikes law. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Accordingly, we reverse the denial of habeas relief and remand to the district court with instructions to grant the writ of habeas corpus unless the state court undertakes resentencing proceedings within a reasonable time to be determined by the district court.

**REVERSED AND REMANDED**.

PANNER, Senior District Judge, dissenting.

The Ninth Circuit is the busiest regional court system in the United States. The court had more than 16,000 pending appeals in 2007. That same year, the Central District of California, from which this appeal arises, had more than 14,000 filings, which are handled by a mere 28 active Article III judges. While the interests of justice cannot be ignored to promote judicial efficiency, the decision of the majority in this case sacrifices efficiency without advancing the interests of justice.

Here, the state requested that this court take judicial notice of the transcript of Murphy's 1997 guilty plea. The transcript conclusively demonstrates that Murphy's 1997 conviction was for first degree burglary and that Murphy acknowledged the conviction qualified as a strike.

This court may take judicial notice of documents that were not before the district court when doing so serves the interest of judicial efficiency. *See, e.g., United States v. Esquivel*, 88 F.3d 722, 727 (9th Cir. 1996). When a remand would be a "waste of time," the Ninth Circuit has held that "judicial ping-ponging between the state and federal courts serves no useful purpose," and the court should act in the interest of judicial efficiency. *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (en banc)(quotation marks and citations omitted). Here, this court should take judicial notice of the transcript.

When this case is remanded to the district court it will be returned to the California Superior Court for re-sentencing. At resentencing the transcript will be before the state court and, under the Three Strike Law, it will impose the same sentence enhancement that is at issue in this appeal.

The court should affirm the ruling of the district court. I respectfully DISSENT.